JACOB WADDEL, plaintiff in error, vs. THE STATE OF GEORGIA, defendant in error.

In cases of vagrancy where the evidence is sufficient to authorize the grand jury to present the accused, and the traverse-jury to convict him of the offence, and the presiding Judge refuses a new trial, this Court will not interfere.

Vagrancy, from Marion county. Tried before Judge WORRILL, at September Term, 1858.

Jacob Waddel of the county of Marion, was indicted for vagrancy and convicted. He moved for a new trial, on the ground that the verdict was contrary to the evidence. The Court refused the motion, and counsel for defendant excepted.

BLANDFORD & CRAWFORD, for plaintiff in error.

Sol. Gen. OLIVER, represented by W. D. ELAM, contra.

By the Court.—LUMPKIN, J. delivering the opinion.

The defendant having been convicted of vagrancy in the county of Marion, applied in the Court below for a new trial, on the ground that the verdict was contrary to the evidence. And the motion being refused, he brings up his case by writ of error, to this Court.

I was never more impressed with the folly of sticking to forms, than when reading the presentment of the grand jury in this case. Jacob is accused of having with force and arms, &c., doing what? Knocking some one down? No, but with force and arms, doing nothing; strolling about in idleness. He is not indicted for being a know-nothing, but a do-nothing. The offence itself is somewhat anomalous. Every other in the code charges the defendant with doing something. This, for doing nothing.

Is the offence sufficiently sustained by the proof? The grand jury presented Jacob, and the traverse jury convicted him

upon the testimony, notwithstanding, Jacob was seen ploughing a potato patch, and doing some other small jobs, within the last two years. His fancy seems to have been mostly · to walk the high-ways. The case is not a very strong one, still there was proof enough to warrant a conviction. And the jury are peculiarly the judges of the proof.

So Jacob will have to go to work; and not only to work, but to *hard work*. So says the code. We fear this will go *hard* with Jacob at first. It will be a great change in his habits. Might not the law, in this humanitarian age, have condemed the vagrant the first year, to work only; and the second year to *hard* work? Ought not a portion of the vagrant's *hard* earning, to be appropriated to his family, provided he have one?

I am quite satisfied that a large portion of the population of our towns, could be convicted upon stronger proof than this. It is time, perhaps, to give them a scare; to admonish them of the old adage, that a bird that can sing, and wont sing, must *be made* to sing. That able-bodied man must not cumber the ground, living on the sweat of other men's toil. " Why stand ye here all the day idle?" is a question which the master of the vineyard propounds, and which the penal code will have answered.

Judgment affirmed.